IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


DONNA LYNN BOLYARD MOORE,

      Plaintiff,

v.                                Civil Action No. 5:16CV184
                                                (STAMP)

COMMISSIONER OF SOCIAL
SECURITY ADMINISTRATION,

      Defendant.


**MEMORANDUM OPINION AND ORDER
ADOPTING AND AFFIRMING MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION,
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT,
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND OVERRULING PLAINTIFF'S OBJECTIONS**

I.   Procedural History

The plaintiff, Donna Lynn Bolyard Moore, filed an application for disability insurance benefits ("DIB") under Title II of the Social Security Act and supplemental security income ("SSI") under Title XVI of the Social Security Act, in which she alleges disability that began on July 30, 2013. The plaintiff alleges that she is unable to work due to the following ailments: rheumatoid arthritis, psoriatic arthritis, fibromyalgia, hearing loss, high blood pressure, diabetes, restless leg syndrome, and severe dry eye syndrome. The Social Security Administration ("SSA") denied the plaintiff's application initially and on reconsideration. The plaintiff then appeared, represented by counsel, at a hearing before an Administrative Law Judge ("ALJ"). At the hearing, the plaintiff

testified on her own behalf, as did an impartial vocational expert. The ALJ issued an unfavorable decision to the plaintiff, concluding that the plaintiff was not "disabled" within the meaning of the Social Security Act. The plaintiff then filed an appeal of the decision to the Appeals Council. On November 2, 2016, the Appeals Council denied the plaintiff's request for review.

The ALJ used a five-step evaluation process pursuant to 20 C.F.R. §§ 404.1420 and 416.920. Using that process, the ALJ made the following findings: (1) the plaintiff has not engaged in substantial gainful activity at any time during the period at issue; (2) during the period at issue, the plaintiff has evidenced the following medically determinable impairments that, either individually or in combination, are "severe" and have significantly limited her ability to perform basic work activities for a period of at least 12 consecutive months: multilevel (cervical, lumbar, and thoracic) degenerative changes of the spine, and minimal osteoarthritic changes of the right wrist; (3) during the period at issue, none of the plaintiff's impairments, whether considered individually or in combination, met or medically equaled the severity of any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) throughout the period at issue, the plaintiff has remained capable of returning to her "vocationally relevant" past employment as a classified ad clerk, either as previously performed by her or as generally performed within the national economy; and (5) the

plaintiff has also remained capable throughout such period of performing other jobs that are available in significant numbers within the national economy. Therefore, the ALJ found that the plaintiff has not been under a disability, as defined in the Social Security Act, at any time during the period at issue.

The plaintiff then filed a request for judicial review of the ALJ's decision in this Court. The case was referred to United States Magistrate Judge Michael John Aloi. Both parties filed motions for summary judgment. After consideration of those motions, the magistrate judge entered a report recommending that the plaintiff's motion for summary judgment be denied, that the defendant's motion for summary judgment be granted, and that the case be dismissed with prejudice. The plaintiff filed timely objections to the report and recommendation. The defendant then filed a response to the plaintiff's objections.

## II.  Applicable Law

Because the plaintiff timely filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which objections were made. 28 U.S.C. § 636(b)(1)(C). As to those findings to which objections were not made, the findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III.  Discussion

As the United States Court of Appeals for the Fourth Circuit
has held, "Under the Social Security Act, [a reviewing court] must
uphold the factual findings of the Secretary if they are supported
by substantial evidence and were reached through application of the
correct legal standard."  Craig v. Chater, 76 F.3d 585, 589 (4th
Cir. 1996).  "Substantial evidence is such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion."
Id.  A reviewing court "does not reweigh evidence or make
credibility determinations in evaluating whether a decision is
supported by substantial evidence; '[w]here conflicting evidence
allows reasonable minds to differ,' we defer to the Commissioner's
decision."  Thompson v. Astrue, 442 F. App'x 804, 805 (4th Cir.
2011) (quoting Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir.
2005)).

The plaintiff argues in her motion for summary judgment that
the ALJ's decision is not supported by substantial evidence.
Specifically, the plaintiff argues that (1) the ALJ's failure to
explain why she found the plaintiff limited to sitting for four
hours in a workday instead of for six hours requires remand for
explanation; (2) that failure further caused the ALJ to fail to
provide the vocational expert with an accurate hypothetical; (3) the
ALJ erred in finding that no acceptable medical source indicated
that the plaintiff suffered from depression and/or anxiety; and (4)

that failure further caused error at steps two, three, and four in the ALJ's evaluation of the plaintiff's impairments and limitations. The plaintiff requests that her case be remanded for the calculation of benefits.

The defendant argues in its motion for summary judgment that the ALJ's decision is supported by substantial evidence and should be affirmed as a matter of law. Specifically, the defendant argues that (1) the plaintiff's first argument lacks merit because it is based on a misstatement of the ALJ's residual functional capacity ("RFC") determination and an incorrect interpretation of the state agency opinions; (2) there is no merit to the plaintiff's argument regarding the hypotheticals at step five because the analysis concluded at step four, and, moreover, because the vocational expert identified jobs in response to a hypothetical that did set out all of the plaintiff's impairments, the outcome would not change regardless; (3) contrary to the plaintiff's assertion, the ALJ did not find that no acceptable medical source had diagnosed the plaintiff with anxiety or depression; rather, the ALJ properly found that the nurse who had diagnosed the plaintiff with depression was not an "acceptable medical source" as defined by the regulations; and (4) after finding as such, the ALJ reviewed the medical evidence as to depression and explained why she found that it did not constitute a severe impairment of 12-month duration under the Act.

In his report and recommendation, the magistrate judge concludes that the ALJ's decision is supported by substantial evidence. In reaching that conclusion, the magistrate judge first found that the ALJ's RFC determination was not inconsistent with the agency reviewers' RFC determination. Specifically, the magistrate judge found that, because the ALJ found that the plaintiff could not stand and walk as often as required for light work, the ALJ appropriately found that the plaintiff was capable of performing a limited range of light work, limited specifically in that she could stand and walk for no more than four hours. Second, the magistrate judge found that the ALJ's finding that depression was not a severe impairment was not based on the lack of diagnosis by an acceptable medical provider. Rather, the ALJ recognized that an acceptable medical source did treat the plaintiff for depression, but observed that the acceptable medical source's evidence did not support a sufficient level of severity, nor did it support the duration requirement. Lastly, the magistrate judge found that the ALJ's decision does not lack substantial evidentiary support.

In her objections, the plaintiff first argues that the magistrate judge's position illustrates the plaintiff's position that she was limited to jobs that required six hours of sitting, which would significantly erode, if not eliminate, the occupational base of light work. Second, the plaintiff argues that the magistrate judge's support for the ALJ's analysis of the plaintiff's

depression is based on legal and factual errors. Specifically, the plaintiff notes that her condition has lasted over 12 months; that her moderate limitations are shown in the record; and that the magistrate judge is incorrect because her depression was found "non-severe" only after the ALJ improperly rejected treatment by a nurse practitioner that was corroborated by Dr. Nugent, an acceptable medical source. The plaintiff also contends that the magistrate judge is incorrect because the record does show moderate functional limitations stemming from her depression. Specifically, the plaintiff contends that she was limited to more than "mild" social functioning and that treating source evidence from the United Summit Center contradicts Dr. Bickham.

In response to the plaintiff's objections, the defendant argues that the issues set forth in the plaintiff's objections have already been fully presented and addressed by the parties in their written submissions. Thus, the defendant "relies upon the reasoning set forth in the ALJ's decision, the arguments expressed in the Commissioner's brief in support of summary judgment, and the reasoning contained in the Magistrate Judge's Report and Recommendation." ECF No. 19 at 2. However, the defendant adds that, for the first time in her objections, the plaintiff identifies evidence of her subjective complaints of depressive symptoms, diagnosis of depression, and treatment with anti-depression medication in support of her assertion that her depression lasted

more than 12 months.  The defendant further adds that the plaintiff is mistaken in her assertion that the assessment of moderate symptoms in a global assessment of functioning ("GAF") score (a measure of overall functioning) contradicts the ALJ's finding that her depression resulted in only mild difficulties in maintaining concentration, persistence, or pace.  The defendant contends that the issue is not whether there is evidence that contradicts Dr. Bickham's opinion, but whether the ALJ's decision is supported by substantial evidence.

On <u>de novo</u> review, this Court finds that the ALJ's decision is supported by substantial evidence.  First, the magistrate judge is correct that the ALJ's RFC determination was not inconsistent with the agency reviewers' RFC determination.  The plaintiff claims that, for the ALJ's RFC determination to be consistent with the agency reviewers' RFC determination, the ALJ's RFC determination needed to include a limitation of sitting for up to six hours.  This Court agrees with the magistrate judge that the plaintiff's contention is not an accurate statement of the agency reviewers' findings.  The agency reviewers opined that the plaintiff could sit (with normal breaks) for a total of "[a]bout 6 hours in an 8-hour workday."  ECF No. 7-3 at 9 and 34.  Thus, the agency reviewers did not opine that the plaintiff must be able to sit for six hours.  Rather, they opined that the most the plaintiff could sit was for six hours in an eight-hour workday.  This Court also agrees with the magistrate

judge that, when the agency reviewers opined that plaintiff could "[s]tand and/or walk (with normal breaks) for a total of[] 4 hours," they were opining that the most the plaintiff could stand or walk was for four hours in an eight-hour workday. Id. Thus, this Court finds that the ALJ appropriately found the plaintiff to be capable of performing a "limited range" of light work, limited specifically in that she could stand and walk for no more than four hours.

Second, the magistrate judge is also correct that the ALJ's finding that depression was not a severe impairment was not based on the lack of a diagnosis by an acceptable medical provider. The ALJ explicitly recognized that the plaintiff saw a qualified medical source on May 28, 2015, but observed that the acceptable medical source's evidence did not support either a sufficient level of severity or the duration requirement. ECF No. 7-2 at 27. Furthermore, neither the ALJ nor any other psychological source found more than mild limitations to concentration.

Lastly, the magistrate judge is correct that the ALJ's decision does not lack substantial evidentiary support. The magistrate judge notes that the ALJ found at step four of the five-step evaluation process that the plaintiff could return to her past work, and any step four error is precluded because the plaintiff failed to raise any cognizable issue with the ALJ's RFC determination. Additionally, the magistrate judge notes that the

vocational expert was able to name jobs that the plaintiff could still perform for every hypothetical.  Thus, this Court agrees with the magistrate judge that, in the absence of any successful challenge to the RFC, the plaintiff cannot prevail at step four or step five of the ALJ's five-step evaluation process.

Accordingly, on <u>de novo</u> review, this Court finds that the ALJ's determination should be upheld, as recommended by the magistrate judge.

### IV.  <u>Conclusion</u>

For the reasons set forth above, the magistrate judge's report and recommendation (ECF No. 14) is AFFIRMED and ADOPTED. Accordingly, the defendant's motion for summary judgment (ECF No. 11) is GRANTED, the plaintiff's motion for summary judgment (ECF No. 9) is DENIED, and the plaintiff's objections to the report and recommendation (ECF No. 16) are OVERRULED.  It is ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:      February 21, 2018


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE